**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6203**

WILLIE YOUNG,

        Petitioner - Appellant,

    v.

TONYA JAMES, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Cameron McGowan Currie, Senior District Judge.  (6:22-cv-00428-CMC)

Submitted:  May 30, 2024                 Decided:  June 4, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Willie Young, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Young seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing as successive his 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 3, 2023, and the appeal period expired on February 2, 2023. Young filed the notice of appeal on February 21, 2024.[*] Because Young failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Young could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2